UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL BRAUTIGAM,

    Plaintiff,

vs.

DIRK PASTOOR, *et al.*,

    Defendants.

Case No. 1:16-cv-1141

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendant Dirk Pastoor's pro se motion to dismiss and the parties' responsive memoranda. Upon careful review, the under signed finds that Defendant' Pastoor's motion is well taken.

**I. Background**

Plaintiff filed this *pro se* action on December 13, 2016, asserting claims for violations of his First Amendment rights pursuant 42 U.S.C. §§ 1983, 1985, 1988 as well as state law claims under the Ohio Constitution against Dirk Pastoor and City of Cincinnati Police Officers Andrew Burkett and John Jefferies. (Doc. 1). Plaintiff's complaint arises out of a disagreement at a condominium association meeting that resulted in Defendant Pastoor summoning the police. Plaintiff contends that after the police arrived, the police officers deprived him of First Amendment right of freedom of speech.

## II. Analysis

### A. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff's' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level ...." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### B. Defendant's motion to dismiss is well-taken

In order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege that

the defendants acted under color of state law and that their conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (*citing Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986)). Plaintiff's complaint fails to allege facts showing the defendant, who is a private citizen, acted under color of state law.

A private entity or private individual acting on his own cannot deprive a citizen of his constitutional rights*. See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149 (1978); *Hudgens v. NLRB*, 424 U.S. 507 (1976). Section 1983 does not create a cause of action against a private actor "'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). The Section 1983 claims against defendant Pastoor must be dismissed because plaintiff alleges no facts whatsoever showing the actions of this private defendant is "so approximate state action that they may be fairly attributed to the State." *Lansing,* 202 F.3d at 828 (citation omitted).

To satisfy the "color of state law" prong of Section 1983, plaintiff must allege facts showing that defendants were either 1) acting under the compulsion of the state (state compulsion test); 2) engaged in an activity traditionally reserved to the state (public function test); or 3) its activities were sufficiently close and/or controlled by the state that its actions could fairly be attributed to it (nexus test). *See Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003); see also *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Plaintiff's complaint fails to allege facts meeting any of the

three tests.

Plaintiff has alleged no facts showing that state law or a state entity significantly encouraged or coerced Defendant Pastoor's actions such that he may be deemed a state actor under the state compulsion test. *See Campbell v. PMI Food Equipment Group, Inc.*, 509 F.3d 776, 784 (6th Cir. 2007) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (finding no state action even though the state provided a significant portion of the funding of a private corporation, because the state did not appoint board members, select personnel, or make decisions for the organization)). Plaintiff has not alleged facts showing the defendant's activities were ones traditionally reserved to the state. *See, e.g., Flagg Bros. v. Brooks*, 436 U.S. 149, 157-58 (1978) (holding elections is public function); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352-53 (1974) (eminent domain is public function); *Marsh v. Alabama*, 326 U.S. 501, 505-09 (1946) (company-owned town is public function). Nor has plaintiff alleged facts showing the state had a sufficiently close relationship to defendant Pastoor as to be a joint participant and/or interdependent with him. *See Campbell*, 509 F.3d at 784 (no state action where government entities did nothing more than authorize and approve a contract that provided tax benefits to defendant).

Finally, plaintiff has not alleged sufficient facts showing defendant Pastoor either conspired or acted in concert with state officials. *Cf. Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). As noted above, Plaintiff alleges that Defendant Pastoor simply called the police to report Plaintiff's alleged menacing behavior. Such allegations fail to show a sufficient intermingling of state involvement with defendants to support a finding of state action. Therefore, Defendant Pastoor cannot be deemed a state actor and plaintiff's

claims under 42 U.S.C. § 1983 against him must be dismissed.

### IV. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Doc. 4) be **GRANTED,** and Defendant Dirk Pastoor be **DISMISSED** from this action.

                                           *s/Stephanie K. Bowman*
                                           Stephanie K. Bowman
                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL BRAUTIGAM,

    Plaintiff,

vs.

DIRK PASTOOR., *et al.*,

    Defendants.

Case No. 1:16-cv-1141

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).